Curtis G. Hoke (SBN 282465)
**THE MILLER FIRM LCC**
108 Railroad Ave.
Orange, VA 22960
Telephone 540-672-4224
Facsimile 540-672-3055
choke@millerfirmllc.com

*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRENDA HUERTA and JAMES HUERTA,**<br><br>                    Plaintiffs,<br><br>          vs.<br><br>**MONSANTO COMPANY; SUPERIOR SOD I LP; and SUPERIOR SOD LLC,**<br><br>               Defendants. | Case No. **5:16-cv-00153 GHK (KKx)**<br><br>**PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND TO STATE COURT**<br><br>Date:      April 11, 2016<br>Time:     9:30 a.m.<br>Place:    Courtroom 650<br>             Los Angeles Courthouse - Roybal<br><br>Complaint Filed:   Jan. 20, 2016<br><br>Hon. George H. King |

1

<u>**NOTICE OF MOTION AND MOTION TO REMAND TO STATE COURT**</u>

2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3

     **PLEASE TAKE NOTICE THAT** on <u>Monday, April 11, 2016,</u> at <u>9:30 a.m.,</u> or a date to

4

be determined by the court, before the Honorable George H. King presiding, in Courtroom 650

5

of the above-entitled Court, Plaintiffs in the above-captioned case will move the Court for an

6

Order remanding this action, pursuant to 28 U.S.C. § 1447, to the Superior Court for Riverside,

7

State of California.

8

     Plaintiffs respectfully request that this Court remand this action on the grounds that this

9

Court lacks jurisdiction over this action because no independent federal jurisdiction exists

10

allowing this action to be heard in Federal Court.

11

     This Motion is made following the conference of counsel pursuant to L.R. 7-3, which

12

took place via e-mail on February 5, 2016.  The Motion is based on this Notice of Motion, the

13

accompanying Memorandum of Points and Authorities, and on the papers, records, and

14

pleadings on file herein, and such argument as the Court may allow.

15

16

Dated: February 12, 2016               **THE MILLER FIRM LLC**

17

18

                            <u>*/s/ Curtis G. Hoke*</u>

19

                            Curtis G. Hoke (SBN 282465)
                            **THE MILLER FIRM  LCC**

20

                            108 Railroad Ave.
                            Orange, VA 22960

21

                            Telephone 540 672 4224
                            Facsimile 540 672 3055

22

                            choke@millerfirmllc.com

23

                            *Attorneys for Plaintiffs*

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On January 20, 2016,  Brenda and James Huerta (collectively referred to as "Plaintiffs") filed a tort complaint in Riverside Superior Court against the Defendants, two of which are California-based companies.  Mrs. Huerta developed non-Hodgkin lymphoma after living on a commercial sod farm for several years where the herbicide Roundup was extensively applied.  In the wake of recent scientific conclusions that this chemical causes non-Hodgkin lymphoma, Plaintiffs sued the maker of the herbicide, Monsanto, as well as the sod farm that exposed her to it (Super Sod I LP and Superior Sod LLC, hereinafter collectively "Superior Sod").    Monsanto has removed this case on the basis of "fraudulent joinder," arguing logic games that may work to its favor in front of a jury, but are of no moment to the analysis of jurisdiction. Accordingly, Plaintiffs request an immediate remand of this case to the Riverside Superior Court, where it was properly filed.

### II.    STATEMENT OF FACTS

Plaintiffs lived on the Superior Sod Farm in Tehachapi from approximately 2004 to 2008 and were exposed frequently to the application of Roundup and/or other Monsanto glyphosate-containing products, which the sod farm used to control weeds.   In March of 2013, Mrs. Huerta was diagnosed with non-Hodgkin lymphoma, the risk of which is elevated two to three times by exposure to glyphosate, according to peer-reviewed, published studies.    They filed this Complaint on January 20, 2016, alleging strict liability – design defect, strict liability – failure to warn, negligence, breach of implied warranty, and loss of consortium.  Superior Sod was served

1

with summonses, and Monsanto removed this action prior to being served, absurdly claiming diversity jurisdiction in a case of a California couple suing two California companies who exposed them to a carcinogenic toxin.

### III.   STANDARD OF REVIEW

#### A.   Immediate Action is Mandated by 28 U.S.C. § 1447

In applying 28 USCS § 1447(c), Federal Courts have held that the removal statutes must be construed strongly *against* removal jurisdiction and in favor of remand. *Harris v. Bankers Life and Gas Co.,* 425 F.3d 689, 698 (9th Cir. 2005). "This strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

Plaintiffs respectfully request immediate consideration of Plaintiffs' Motion to Remand. Under § 1447, this Court has the authority to immediately remand this action to the Riverside County Superior Court, where it was originally filed, and from where it was improperly removed.

### IV.   ARGUMENT

**A. Plaintiffs Have Viable Claims Against Superior Sod.**

A party is fraudulently joined, abrogating diversity, *only* if "after all the disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff *could not possibly recover* against the party whose joinder is questioned." *Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1426 (9th Cir. 1989). The situation at hand could

not be more starkly different from that description; here, Plaintiff has sued the company that directly exposed her, at her home, to the chemicals at issue.

Monsanto's proffered justification for removal is that the allegations are inconsistent or alternative- that if Monsanto failed to inform the public of the dangers of its product, then Superior Sod could not also be liable, being in the dark itself.  That contention, if of course, absurd; FRCP 8(d) explicitly provides for alternative claims or even totally inconsistent claims. Monsanto's argument may be an appropriate pitch to jurors to hold one Defendant liable, but not both.  However, it is entirely inapposite to jurisdictional analysis.  This argument is sometimes raised in failure-to-warn cases where both manufacturers and prescribers are sued by a patient. That situation does create an interesting logic pretzel, given the "learned intermediary" doctrine which dictates that a drug manufacturer's duty is to warn the prescriber rather than the patient. However, this does not translate to fraudulent joinder even in that context:

> Defendants argue that since Plaintiffs plead allegations of failure to warn as against Defendant drug manufacturers, they should be barred from pleading failure to warn claims against Defendant doctors, who could not have known of the dangers of thimerasol. This argument fails on two counts. First, Plaintiffs are permitted to plead allegations in the alternative or even inconsistently. In general, Plaintiffs may plead whatever version of facts, or whatever legal theory, would support recovery.

*Doherty v. Pasteur*, 2002 WL 1034044 (N.D.Cal. 2002), *citing* Weil & Brown, *Civil Procedure Before Trial*, §§6:242-6:244 at 6-54 (2001). *See also Crone v. Pfizer,* 2004 WL 1946386 (N.D.Cal. 2004)(holding same, remanding to state court).  And of course, there is no learned intermediary doctrine at play in this case, making the argument even more of a non sequitur. Simply put, at this stage, such inconsistent allegations are not "an admission against another alternative or inconsistent pleading in the same case."  *Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985).  *See also Sue Tsang v. Select Portfolio Servicing,* 2012 WL 10423187

at *7 (C.D.Cal. 2012) (*citing Molsbergen* and rejecting, in fraudulent joinder analysis, argument that "contradictory allegations illustrate Plaintiff fraudulently joined [defendant] to defeat complete diversity.")

Monsanto does not deny that a party may be liable to a person for negligently exposing her to toxic agents, nor that Plaintiffs have properly pleaded such a cause of action against Superior Sod in Claim Four.  Such liability is black letter law in California.  <u>"Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person."</u>  Cal. Civ. Code §1714(a).  Instead, Monsanto focuses on the evidentiary challenges which Plaintiffs may face in proving strict liability against Superior Sod, <u>choosing to ignore altogether the negligence count</u>.  And, Monsanto's contentions that "plaintiffs still would need to show that the Superior Sod defendants knew or had reason to know that exposure to Roundup could cause cancer" have absolutely no place in an analysis of jurisdiction   (Notice of Removal at ¶19).  The question, of course, is whether the Plaintiff has made allegations on which she has any possibility of recovery[1]; it is Monsanto, of course, who bears the very heavy burden of showing that Plaintiff "*could not possibly recover* against the party whose joinder is questioned." *Kruso, supra.*  Instead, the strongest argument Monsanto offers is a cursory remark about what Plaintiffs "still would need to show" to prevail at trial.   And, in the face of a valid *negligence* cause of action pleaded against Superior Sod, Monsanto's doubts about the ultimate success of the *strict liability* claims against Superior Sod are meaningless ruminations; "§ 1441's holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires **remand** of the entire

---

[1] The Complaint plainly alleges that Superior Sod knew the dangers of Roundup, including its carcinogenic potential.  See Complaint at ¶ 131, 132.

NOTICE OF MOTION AND MOTION TO REMAND TO STATE COURT

case to state court." *Gray v. Beverly Enterprises—Mississippi*, 390 F.3d 400, 411-412 (5th Cir. 2004).

Monsanto <u>does</u> appear to make significant misrepresentations, or at best slyly misleading statements, to the Court; it informs the Court that "all of plaintiffs' factual allegations concern alleged labeling and warning defects surrounding the use of Roundup." (Notice of Removal at ¶ 14). In fact, count four of the Complaint is against Superior Sod only, alleging it negligently exposed Plaintiffs to a toxic substance or negligently failed to apply the products in a manner not unreasonably dangerous to the Plaintiffs who lived on the farm. (Complaint at ¶ 127-141). Monsanto also represents to the Court that "Plaintiffs make no factual allegations in their complaint that the Superior Sod defendants had actual knowledge of or should have knowledge of the allegedly carcinogenic properties of Roundup." (Notice of Removal at ¶17). The truth is that Plaintiffs pleaded "At all times relevant to this litigation, Superior Sod knew or, in the exercise of reasonable care, should have known of the hazards and dangers of Roundup® and specifically, the carcinogenic properties of the chemical glyphosate." (Complaint at ¶ 131).

Furthermore, Monsanto engages in ludicrous speculation of a "likelihood that [plaintiffs] worked at the farm," and thus suggest worker's compensation would be the appropriate remedy. Of course, Monsanto neither possesses nor offers any support for this, and its "hunch" is both inaccurate and grossly inappropriate as a basis for removal.

**B. No Misjoinder.**

Monsanto also makes a cursory argument that the Plaintiff has "fraudulently misjoined" the company that sells Roundup and the company that sprayed Roundup on or near her. This contention, too, strains the outer limits of logic, and invokes law <u>not adopted by the 9th Circuit or this District</u>; "The Court GRANTS the Motion [for remand] <u>because it declines to adopt the doctrine of fraudulent misjoinder</u>." *Thee Sombrero, Inc. v. Murphy*, 2015 WL 4399631 at *2

5

(C.D.Cal. 2015)(emphasis added); "Contrary to [defendant's] assertion, fraudulent misjoinder has received a tepid response outside of the Eleventh Circuit… <u>The Court declines to adopt fraudulent misjoinder here. In short, the doctrine raises more questions than answers</u>." *Early v. Northrop Grumman Corp.,* 2013 WL 3872218 at *2. (C.D.Cal. 2013) (emphasis added); "The Ninth Circuit has not adopted the fraudulent misjoinder doctrine." *Goodwin v. Kojian,* 2013 WL 1528966 (C.D.Cal. 2013)(C.D.Cal district court also declining to apply the doctrine).

Factually, the doctrine, rejected by this District repeatedly, is also inapplicable; it is used to retain jurisdiction when valid claims are asserted against all defendants but there is "no real connection" between the claims against respective parties and the joinder of the defendants is "egregious," more than "mere misjoinder." *Tapscott v. MS Dealer Seervice Corporation*, 77 F.3d 1353, 1360 (11${}^{th}$ Cir. 1996). In this case, there is a single, indivisible series of transactions or occurrences at issue; the exposure of the Plaintiffs to Monsanto's toxic herbicide repeatedly at the Superior Sod farm.

**C. Fees And Costs.**

Section 1447(c) provides that the Court, when remanding a case, "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Plaintiffs urge the Court to use its discretion to impose monetary sanctions or any other remedies it considers appropriate; Monsanto has removed this case based on unsupported hunches, vague and inapposite guesses as to whether Plaintiffs will be able to prove certain well-pleaded allegations, and case law expressly rejected by this District.  Large corporations such as Monsanto will continue having their attorneys take advantage of the

removal statutes without any reasonable basis unless and until these frivolous and dilatory maneuvers are redressed by District Courts.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court decline jurisdiction and remand this case to the Superior Court for the County of Riverside.


DATED: February 12, 2016                    Respectfully submitted,


                                            By: */s/ Curtis G. Hoke*_____
                                            Curtis G. Hoke, Esq. SBN 282465
                                            **THE MILLER FIRM LLC**
                                            108 Railroad Ave.
                                            Orange, VA 22960
                                            Telephone: (540) 672-4224
                                            Facsimile: (540) 672-3055
                                            choke@millerfirmllc.com

                                            *Attorneys for Plaintiffs*

NOTICE OF MOTION AND MOTION TO REMAND TO STATE COURT