UNITED STATES DISTRICT COURT      JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 16-153 DMG (Ex) | Date | April 15, 2016 |
|---|---|---|---|

| Title | *Brenda Huerta and James Huerta v. Monsanto Co., et al.* | Page | 1 of 4 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFFS' MOTION TO REMAND [17]**

## I.
## PROCEDURAL BACKGROUND

On January 20, 2016, Plaintiffs Brenda Huerta and James Huerta filed a complaint ("Compl.") against Monsanto Company, Superior Sod I, LP, and Superior Sod, LLC in Riverside County Superior Court. [Doc. # 2-1.] Plaintiffs brought claims for design defect against Monsanto, failure to warn against all Defendants, negligence against Monsanto, negligence against Superior Sod I, LP and Superior Sod, LLC, breach of implied warranty against Monsanto, and loss of consortium against all Defendants. (*Id.*) The Huertas seek punitive and compensatory damages. (*Id.*)

On January 26, 2016, Monsanto removed the case to this Court on the basis of diversity jurisdiction ("Notice of Removal"). [Doc. # 1.] On February 12, 2016, the Huertas filed their motion to remand ("MTR"). [Doc. # 17.] On April 8, 2016, Defendants filed an opposition to the motion ("MTR Opp."). [Doc. # 44.]

## II.
## FACTUAL BACKGROUND

Monsanto is a multinational agricultural biotechnology corporation organized under the laws of Delaware with its principal place of business in St. Louis, Missouri. (Compl. ¶¶ 2, 17.) Superior Sod LLC is a Delaware limited liability corporation with its headquarters and principal place of business in Corona, California. (*Id.* ¶ 18.) Superior Sod I LP is a California limited partnership with its headquarters and principal place of business in Tehachapi, California. (*Id.* ¶ 19.) Brenda and James Huerta are residents and citizens of Corona, California. (*Id.* ¶¶ 14-16.)

Monsanto is the manufacturer of the herbicide Roundup. (*Id.* ¶ 17.) According to the World Health Organization ("WHO"), the main chemical ingredient in Roundup—glyphosate—

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 16-153 DMG (Ex) | Date | April 15, 2016 |
|---|---|---|---|
| Title | *Brenda Huerta and James Huerta v. Monsanto Co., et al.* | Page | 2 of 4 |

is a probable cause of cancer. (*Id.* ¶ 23.) Plaintiffs allege that for nearly 40 years, Monsanto championed falsified data and attacked legitimate studies in order to convince the public that Roundup was harmless. (*Id.*) Monsanto led a prolonged campaign of misinformation to convince government agencies, farmers, and the general population that Round up was safe. (*Id.*) Monsanto has consistently advertised Roundup as a "safe" general-purpose herbicide for widespread commercial and consumer use. (*Id.* ¶ 24.)

Superior Sod I LP and Superior Sod LLC (collectively "Superior Sod") own and operate a sod farm in Tehachapi, California on which the Plaintiffs resided during the relevant time period. (*Id.* ¶¶ 18-19.) During this time period, Superior Sod knowingly and intentionally applied Roundup to the farm, thereby exposing Plaintiffs to its dangerous properties. (*Id.*) Brenda Huerta was diagnosed with non-Hodgkin lymphoma in March of 2013. (*Id.* ¶ 72.)

### III.
### LEGAL STANDARD

A defendant may remove an action brought in state court to a federal district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (internal quotation marks omitted). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks omitted.)

A federal court has diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). An "exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulently joined defendants are "ignored for purposes of determining diversity." *Id.*

A joinder is fraudulent when "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (internal citation omitted). The removing party has the burden of proving the existence of fraudulent joinder by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 16-153 DMG (Ex) | Date | April 15, 2016 |
| Title | *Brenda Huerta and James Huerta v. Monsanto Co., et al.* | Page | 3 of 4 |

2007). "The defendant must show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant" and that "plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted). "Furthermore, all doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand, and a lack of clear precedent does not render the joinder fraudulent." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (internal quotation marks omitted).

## IV.
## DISCUSSION

Monsanto contends that the Superior Sod Defendants are fraudulently joined, and their citizenship should therefore be disregarded for diversity jurisdiction purposes. (Notice of Removal at 2-3.) Monsanto contends that Plaintiffs have failed to state a strict liability claim or a products liability claim against these defendants.

Monsanto contends that, as a matter of law, Superior Sod may not be strictly liable for applying an herbicide or pesticide, citing the unpublished Ninth Circuit case *Jensen v. Santa Clara County*, 32 Fed. App'x 203, 206 (9th Cir. 2002). (*Id.* at ¶ 15.) *Jensen* does not hold that applying pesticides is not ultra-hazardous as a matter of law. *Jensen*, 32 Fed. App'x at 206. Rather, *Jensen* holds that the plaintiff in that case "offered no evidence that the chemicals used by either [defendant] contained a risk of harm that cannot be eliminated by using reasonable care." *Id.* This holding is specific to the facts of the *Jensen* case, and relates to a lack of evidence regarding the specific chemicals used in that case. *Jensen* does not establish a rule applicable to all herbicide or pesticide cases, and, as an unpublished case, does not establish binding precedent.

Monsanto contends that, in order to succeed on a negligence claim against the Superior Sod Defendants, Plaintiffs would be required to show that the alleged defect in the Roundup they were exposed to was "due to the negligence of the defendant," citing *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Prod. Liab. Litig.*, 754 F. Supp. 2d 1208, 1223 (C.D. Cal. 2010). Once again, Monsanto overstates its case. A plaintiff may establish negligence in a products liability case in a number of ways, including by showing that a defendant failed to adequately weigh the risks and benefits of a product before marketing or distributing it. *See, e.g., Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 483 (2001) ("[I]n products liability actions based on a design defect, both the negligence theory and the strict liability theory

UNITED STATES DISTRICT COURT      JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **ED CV 16-153 DMG (Ex)** | Date | April 15, 2016 |
| Title | *Brenda Huerta and James Huerta v. Monsanto Co., et al.* | Page | 4 of 4 |

involve a risk/benefit analysis.") Monsanto has not shown definitively that Plaintiffs have not and cannot state any claim against Superior Sod for negligence.

    Monsanto also asserts that Plaintiffs cannot succeed in a failure-to-warn Claim against the Superior Sod Defendants, because they cannot show that Superior Sod "knew or reasonably should have known" that Roundup was dangerous. (Notice of Removal at ¶ 17.) Monsanto states that Plaintiffs make no factual allegations that the Superior Sod Defendants knew or should have known of the supposedly toxic effects of Roundup. (*Id.*) In fact, Plaintiffs allege that Monsanto misled the public into believing that Roundup was safe. (*Id.* ¶ 18.) Monsanto therefore contends that Plaintiffs cannot state a failure-to-warn claim against the Superior Sod Defendants. On the contrary, at the pleading stage, Plaintiffs may allege facts and theories in the alternative. *See Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388, 137 Cal. Rptr. 3d 293, 330 (2012) ("[M]odern rules of pleading generally permit plaintiffs to set forth alternative theories in varied and inconsistent counts.") (internal citations and quotation marks omitted). While it appears that Plaintiffs have not currently pleaded facts sufficient to establish that Superior Sod knew or reasonably should have known that Roundup was dangerous, Monsanto has not established that they would not be given leave to amend their complaint in order to cure these deficiencies. *See McGuan v. Endovascular Techs., Inc.*, 182 Cal. App. 4th 974, 987, 106 Cal. Rptr. 3d 277, 289 (2010) ("Courts are liberal in allowing the amendment of pleadings at any stage of the proceedings where the amendment does not cause prejudice to the rights of other parties.")

    Monsanto has failed to meet its burden of providing clear and convincing evidence that there is no possibility that Plaintiffs could prevail on any cause of action against the Superior Sod Defendants. The Court cannot conclude that the Superior Sod Defendants have been fraudulently joined, and there is not complete diversity between the parties. This Court therefore lacks subject matter jurisdiction over this case.

## V.
## CONCLUSION

    Plaintiffs' motion to remand is **GRANTED**. The case is hereby **REMANDED** to Riverside County Superior Court. Defendant's motions to dismiss [Doc. ## 26, 34] and motion to transfer [Doc. # 41] are **DISMISSED** without prejudice. All hearings in this case are **VACATED**.

**IT IS SO ORDERED.**